E-FILED
Thursday, 26 May, 2016 03:42:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHIREE RUSSELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1131 |
| ) | Crim. Case No. 11-40117 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Russell's § 2255 Motions [1,5] to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motions [1,5] are Denied.

### BACKGROUND

Petitioner Russell filed this § 2255 action on April 29, 2016, seeking to vacate, set aside, or correct her sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015). Russell pleaded guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute at Least 28 Grams of Cocaine Base in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) and was sentenced to 144 months imprisonment on February 15, 2013. Because Russell had two prior convictions for controlled substance offenses,[1] she qualified for the Career Offender enhancement under U.S.S.G. § 4B1.1 Russell's advisory guideline range before departures indicated a Total Offense level of 32, Criminal History Category VI, with an Imprisonment

---

[1] Petitioner was sentenced to 6 years imprisonment on April 15, 2005, for the offense Manufacture/Delivery of Cocaine in Kane County Circuit Court (Case No. 2003-CF-1064). Petitioner was sentenced to 6 years imprisonment on January 6, 2005, for the offense of Unlawful Possession of a Controlled Substance with Intent to Deliver in Henry County Circuit Court (Case No. 2005-CF-14).

1

Range of 262-327 months. The Court imposed sentence of 144 months fell outside the guidelines range, citing (1) the nature and circumstances of the offense and the history of the defendant, pursuant to 18 U.S.C. § 3553(a)(1); and (2) avoidance of unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)).

## STANDARD OF REVIEW

A petitioner may avail herself of § 2255 relief only if she can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude*.*" *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Russell claims in her § 2255 Petition that her sentence is invalid because this Court found that Russell was eligible for an enhanced sentence as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. That Section of the Guidelines provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

2

has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §4B1.1(a). Section 4B1.2(a) defines the term "crime of violence":

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
> U.S.S.G. 4B1.2 (emphasis added)

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court is identical to the residual clause in Section 4B1.2(a) of the Sentencing Guidelines, italicized above. In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to case on collateral review. *Id.*

Russell's Petition seeks to invoke *Johnson*, claiming that her prior offenses fell within the residual clause of the guidelines. However, Russell was sentenced as a career offender because she had two prior felony convictions for controlled substance offenses under 4B1.2(b). *Johnson* invalidated the residual clause of the Armed Career Criminal Act. Russell qualified for a sentence enhancement under the career offender provision in the Sentencing Guidelines, not the ACCA, and her status as a career offender was based on her prior controlled substance offenses, not the residual clause for crimes of violence. Therefore, Petitioner is not entitled to relief under *Johnson*, and her Petition must be dismissed. See 28 U.S.C. § 2255 Rule 4.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Here, no reasonable jurist could conclude that Russell's claims were not either devoid of factual support, or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue her a certificate of appealability.

### CONCLUSION

For the reasons stated above, Petitioner Russell's Motions [1, 5] are DENIED. This matter is now terminated.

Signed on this 26th day of May, 2016.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge